UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRIKONA ADVISERS LIMITED, et al.,          :

     Plaintiffs,                                      :

          vs.                                      :      No. 3:11cv2015(MRK)(WIG)

RAKSHITT CHUGH, et al.,                          :

     Defendants.                                 :
------------------------------------------------------X

ORDER ON PLAINTIFFS' AMENDED MOTION FOR TEMPORARY RESTRAINING
ORDER AND ANTI-SUIT INJUNCTION OR, ALTERNATIVELY, FOR
ACCELERATED AND CONSOLIDATED TRIAL ON THE MERITS [DOC. # 237]

     After careful review of the moving and opposition papers, and as discussed with Counsel

in a telephone status conference yesterday, the Court DENIES Plaintiffs' Motion for Temporary

Restraining Order and Anti-Suit Injunction or, Alternatively, for Accelerated and Consolidated

Trial on the Merits [Doc. # 220].

     With respect to their request for a temporary restraining order, Plaintiffs have not carried

their burden of showing probable irreparable harm, nor that the alleged injury is incapable of

being fully remedied by monetary damages. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596

F.2d 70, 72 (2d Cir. 1979).  The only alleged harm is the possibility that the Cayman court, after

a trial in January 2013, will decide to wind-up Trikona Advisers Limited ("TAL") and appoint

official liquidators to distribute the assets of TAL.  As Defendants point out, Plaintiffs' motion is

not designed to preserve the status quo but to prevent the Cayman court from proceeding with a

trial on the winding-up of TAL.  Further, since a winding-up of the company would involve a

distribution of assets, any injury to TAL could be remedied by monetary damages.  Additionally,

1

assuming liquidators are appointed, they could continue this litigation on behalf of TAL.  Thus, Plaintiffs' request for a temporary restraining order is denied.

As for Plaintiff's request for an anti-foreign-suit injunction, this is an extraordinary remedy that should be used only with great restraint, as it necessarily restricts the jurisdiction of a foreign tribunal.  *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35-36 (2d Cir. 1987); *United States v. Davis*, 767 F.2d 1025, 1038 (2d Cir. 1985).   Here, Plaintiffs have not met either of the two threshold requirements for such an injunction.  Neither are the parties the same in both actions, nor would resolution of this case be dispositive of the action to be enjoined. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Information Techs., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004).  This action concerns the alleged breaches of fiduciary duty by Defendants Chugh and ARC Capital, LLC, and unfair competition by the remaining Defendants. The Cayman proceedings concern the winding-up of TAL.  Because Plaintiffs have not met the threshold requirements for an anti-foreign-suit injunction, the Court need not consider the remaining factors identified by the Second Circuit as relevant considerations.  *See China Trade*, 837 F.2d at 35.  Thus, the Court finds that an anti-foreign-suit injunction is not warranted.

Plaintiffs also request that this Court set this case for trial in December and, pursuant to Rule 65(a)(2), Fed. R. Civ. P., to consolidate the trial on the merits with the hearing on the pending Amended Motion for Preliminary Injunction.  A hearing on Plaintiffs' request for a preliminary injunction is presently scheduled for November 7th and 8th, 2012, before the Undersigned.  Based upon representations from counsel yesterday, it appears unlikely that this will go forward due to outstanding discovery requests addressed to third-parties.  However, at the present time, the Court is leaving the current briefing and hearing schedule in place.  As for a

2

date for a trial on the merits, that is a matter for the District Judge to whom this case will be transferred to decide.  Thus, the Court denies Plaintiffs' request for an expedited trial date as well as their request for a consolidated trial without prejudice to their renewing this request before the District Judge to whom this case will be assigned.

Accordingly, Plaintiffs' Amended Motion for a Temporary Restraining Order and Anti-Suit Injunction Against the Caymen Proceeding is DENIED [Doc. # 237] and Plaintiffs' Request for an Expedited Trial Date and for Consolidation of the Trial on the Merits with the Evidentiary Hearing on the Amended Motion for Preliminary Injunction [Doc. # 237] is DENIED WITHOUT PREJUDICE.   This Order also necessarily terminates Plaintiffs' Motion [Doc. # 220] requesting the same relief.

SO ORDERED, this   5th   day of October, 2012, at Bridgeport, Connecticut.


  /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge